# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:10CR266 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM |
| | ) | AND ORDER |
| ROBERT L. TAYLOR, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the merits of the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 53) and the Motion for Leave to Proceed in Forma Pauperis (Filing No. 54) filed by the Defendant, Robert L. Taylor. The government filed a brief in support of its Answer (Filing No. 61) and an affidavit of defense counsel, J. William Gallup. On initial review, the Court summarily dismissed Taylor's claims regarding the (1) mandatory minimum sentence and (2) the crack cocaine amendments to the sentencing guidelines,[1] and required the government to answer the claim regarding an appeal. For the reasons discussed below, the § 2255 motion will be denied on its merits.

## FACTUAL BACKGROUND

Taylor pleaded guilty to a one-count Indictment charging him with possession with intent to distribute 50 grams or more of a mixture containing cocaine base. He also pleaded guilty to the forfeiture allegation. There was no plea agreement. In completing his Petition

---

[1]The Court notes that Taylor has filed a pro se motion to reduce his sentence under the 2011 crack cocaine amendments to the sentencing guidelines, and the Federal Public Defender has been appointed to represent Taylor with respect to the 2011 amendments. The Court cannot state at this time whether the 2011 amendments will result in any relief to Taylor.

to Enter a Plea of Guilty under oath, Taylor stated: he was satisfied with the representation of his attorney[2]; he understood the statutory penalty was 10 years to life[3]; and he understood the mandatory minimum punishment would be 10 years.[4] The mandatory minimum sentence of 120 months was imposed, and a direct appeal was not filed. Taylor's timely § 2255 motion followed.

## DISCUSSION

In order to establish ineffective assistance of counsel, Taylor must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id*. at 687. In the context of filing a notice of appeal, a defendant must show that, absent the alleged ineffectiveness of counsel, he would have timely appealed. *Parsons v. United States,* 505 F.3d 797, 798 (8th Cir. 2007).

---

[2]Previously Taylor was represented by Assistant Federal Public Defender Karen Shanahan. However, Taylor's motion appears to concern the representation of Mr. Gallup.

[3]The answer to the question "[w]hat is the maximum term of imprisonment" was originally "40 years." That answer was crossed out and replaced by the words "10 years to life." The change was initialed by Taylor, his attorney, and the government's attorney. (Filing No. 38, ¶ 13(a).)

[4]Similarly, the answer to the question regarding the minimum punishment was originally 5 years. The original answer was crossed out, replaced by "10 years," and initialed by Taylor and both attorneys. (Filing No. 38, ¶ 13(b).)

Taylor argues that his counsel, J. William Gallup, was deficient for failing to file a notice of appeal after Taylor instructed him to do so. A review of the record indicates that Taylor's goal on appeal was to have his sentence reduced under the Fair Sentencing Act of 2010, which was the first step in lowering the penalties for crack cocaine. Gallup's affidavit, together with numerous attachments, show that Gallup was very zealous in attempting to obtain a lower sentence under the amendments for Taylor and by assisting in arranging a proffer. (Filing No. 59.) However, the Eighth Circuit ruled that the Fair Sentencing Act was not retroactive, and therefore the penalties that applied in Taylor's case were those that existed when he committed his crime. *United States v. Brewer,* 624 F.3d 900, 909 n.7 (8th Cir. 2010), *cert. denied,* 131 S. Ct. 1805 (2011). The government concluded that information provided by Taylor was insufficient for purposes of filing a motion under Federal Rule of Criminal Procedure 35. Therefore, Taylor's sentence remained at 120 months.

The Eighth Circuit has stated that the critical question is whether a defendant asks for an appeal. However, the Eighth Circuit notes that after consulting with a defendant, counsel is not required to file an appeal if the defendant does not request one after consultation. *Crutcher v. United States,* 2 Fed. Appx. 658,660 (8th Cir. 2001). In determining whether a defendant asks for an appeal, the Court must look to any evidence filed by the Defendant and any conclusory statements.

In Taylor's case, he raised all of his claims under the guise of one ineffective assistance of counsel claim. The portion relating to the filing of a notice of appeal states: "Counsel also stated that he would appeal the conviction on direct appeal, this was not done." (Filing No. 53, at 4.) The documents attached to Gallup's affidavit clearly indicate

3

that Gallup discussed the matter with Taylor and wrote to Taylor about the matter of an appeal. Despite Gallup's zealousness and willingness to pursue the issue on appeal, he realized and communicated to Taylor that because the Eighth Circuit decided that the Fair Sentencing Act of 2010 was not retroactive that an appeal would be futile since Taylor was sentenced at the mandatory minimum. (Filing No. 59.) There is no evidence indicating that Taylor ever asked for an appeal after sentencing or at any time following the extensive communication that occurred between Taylor and Gallup. On initial review, the Court determined that given the conclusory statement in Taylor's claim the matter needed to be clarified. The government's evidence clarified what took place, and Taylor has not responded to that evidence with any evidence of his own. Taylor has not shown that he directed Gallup to appeal, and he has not shown that absent Gallup's alleged failure to file a notice of appeal that Taylor would have done so in a timely manner.

## CONCLUSION

For the reasons discussed, Taylor cannot satisfy the *Strickland* test. The record conclusively shows that Taylor is not entitled to relief, and his § 2255 motion will be denied.

IT IS ORDERED:

1. The Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") (Filing No. 53) is denied;

2. The Defendant's Motion for Leave to Proceed in Forma Pauperis (Filing No. 54) for is denied;

3. A separate Judgment will be filed; and

4

4. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 7th day of November, 2011.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge